Edward Palacios, D-27035
Correctional Training Facility
P.O. Box 689 (ED-47L)
Soledad, CA 93960

Petitioner in pro se

FILED
08 AUG 20 PM 12:50

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PALACIOS, <br><br> Petitioner, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, <br><br> Respondent. | Case no. C 08-2000 VRW <br><br> PETITIONER'S OPPOSITION TO RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN HAYWARD OR, IN THE ALTERNATIVE EXTENSION OF TIME <br><br> Courtroom: 1 <br> Judge: The Honorable <br> Vaughn R. Walker |

## INTRODUCTION

After Petitioner Edward Palacios filed his federal habeas corpus application, this Court issued an Order to Show Cause for the respondent to file an Answer to the petition. On August 11, 2008, respondent Arnold Schwarzenegger requested a stay pending disposition of Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), hearing en banc granted, oral arguments held June 24, 2008.

Palacios opposes a stay pending the en banc decision in Hayward. It could take several months before the Ninth Circuit issues the en banc decision in Hayward. Palacios, in the alternative, posits, that if a stay is warranted at all, that a stay be granted pending the decision in the case of In re Lawrence, 150 Cal.App.4th 1511 (2007), review granted, S154018, oral argument June 4, 2008, decision due no later than September 2, 2008.

- 1 -

ARGUMENT

It is not lost on Palacios that this, and all federal district courts in this Circuit, are burdened with a number of habeas corpus petitions in an evolving area of law. A writ of habeas corpus, however, is to be expedited within a reasonable time to prevent challenging the illegality of detention from being reduced to a "sham" (Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000)). Thus, while a stay may be warranted, any stay should not work to Palacios' disadvantage.

A. A Stay is Warranted Pending the Decision in In re Lawrence.

In re Lawrence was argued before the California on June 4, 2008, and a decision is forthcoming no later tan September 2, 2008. In that federal courts are bound by interpretation of state law as interpreted by that state's highest court (Gurley v. Rhoden, 421 U.S. 200, 208 (1975)), in case at bench the controlling interpretation of California's parole statutes will be the California Supreme Court's holdings in In re Lawrence. The Ninth Circuit will then apply that interpretation to Hayward.

The respondent's argument that the Hayward court may find Palacios does not have a liberty interest in parole and this Court would therefore not have jurisdiction is a meritless argument. The respondent has had multiple opportunities to take the issue up with the United States Supreme Court since McQuillion v. Duncan, 306 F.3d 895, 901-903 (9th Cir. 2002), but has declined to do so, for good reason, Penal Code § 3041 creates an "expectation" parole, "shall/unless" (In re Rosenkrantz, 29 Cal.4th 616, 653 (2002), and the respondent would lose, so he keeps making the same meritless

argument in the district courts. Moreover, the cases cited by the respondent that are stayed pending Hayward, are all cases in the Ninth Circuit, not district courts, as decisions are continuing to be rendered by the district courts. Also, if Hayward is appealed and certiorari granted, then the Supreme Court remand with instructions for further proceedings "the stay could remain in effect for a lengthy period of time" (Yong v. I.N.S., 208 F.3d, at 1119, supra). Just as a stay was denied in Yong not withstanding a developing area of law (Id., at 1121), so should a stay be denied in case at bench.

In that a decision is due in Lawrence no later than September 2, 2008, a stay should therefore issue only until September 2, 2008, and respondent should have to file his Answer with the Court within thirty (30) days of Lawrence being published in the Daily Journal.

Additionally, any request for an extension of time by the respondent should not be granted. The respondent only wants to delay any relief Palacios may be entitled to. Delay by any means is a strategy used by the respondent to keep life prisoners who have been found suitable for parole in prison as long as possible, not for reasons of public safety, but for political safety. Therefore, it is requested that no extension of time be granted and the respondent ordered to respond within thirty (30) days after Lawrence is issued by the California Supreme Court.

Moreover, in that postsuitability time credits accrued are to be deducted from Palacios' parole (In re Bush, 161 Cal.App.4th 133, 144-145 (2008)), it is to the state's benefit to have a decision in case at bench as soon as possible, lest Palacios be discharged

with no parole if the decision falls in his favor. While discharge with no parole would certainly benefit Palacios, it would not benefit the state, defeating any "equity" to be obtained.

B. <u>An Unreasonable Stay would Prejudice Palacios</u>.

Contrary to the respondent's argument that the stay he requests "would not unfairly impose any additional or otherwise avoidable hardship on Petitioner" it would do exactly that. Such a statement is made by someone who has not a clue what it is like to not have his freedom. Every day Palacios remains in prison is a day he does not know freedom and enjoy the benefits of a citizen. Palacios was found suitable for parole three years ago, having been deemed not to be a risk to society by the Board of Parole Hearings and several forensic experts. He has maintained an exemplary record. Thus any stay works to Palacios' disadvantage and should therefore be denied.

### CONCLUSION

When the equities are placed in the balance, a stay should be granted only until September 2, 2008, and respondent be ordered to file his Answer with the Court no later than October 2, 2008.

WHEREFORE, Palacios respectfully requests that the Court exercise its discretion and deny a stay pending <u>Hayward</u>, respondent's request for, in the alternative, a sixty (60) day extension of time, and order that the respondent file an Answer within thirty (30) days of the <u>Lawrence</u> decision, no later than October 2, 2008.

DATED: 8-17-08

Respectfully submitted,

Edward Palacios
Petitioner in pro se

- 4 -

PROOF OF SERVICE BY MAIL

CASE NAME: **PALACIOS v. SCHWARZENEGGER**

CASE NO. : **C 08-2000 VRW**

I, **Edward Palacios**, hereby declare that I am a party to the above titled action and am over the age of eighteen (18), and I did serve a true copy of the following:

PETITIONER'S OPPOSITION TO RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN HAYWARD OR, IN THE ALTERNATIVE EXTENSION OF TIME

by placing a true copy in an envelope with first class postage fully prepaid and said envelope surrendered to correctional staff at the Correctional Training Facility for delivery to the prison mail room and therefrom delivered to the local United States Post Office the next business day from which there is postal service between the place of mailing and the addressee:

Amanda J. Murray
Deputy Attorney General
455 Golden Gate Ave. #11000
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct, doing so this __18th__ day of __August__, 200**8**, at Soledad, California.

_Palacios E_

EDWARD Palacios, D-27035
CTF - EAST DORM (EB-47L)
P.O. Box 689
SOLEDAD, CA 93960

LEGAL MAIL
CASE NO. C 08-2000 VRW

RECEIVED
AUG 20 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of CALIFORNIA
450 GOLDEN GATE AVE
SAN FRANCISCO, CA 94102



c/o M. Esqueo      8-18-08

LEGAL MAIL